**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| CHRISTIAN NUNEZ-TORRES, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 11-4142 (MAS) (TJB) |
| | : | |
| STATE OF NEW JERSEY, | : | **MEMORANDUM OPINION** |
| | : | |
| Defendant. | : | |

**SHIPP, District Judge**

This matter comes before the Court upon Defendant State of New Jersey's ("Defendant")
Motion to Dismiss for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1) or,
for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6) ("Defendant's Motion"), filed on
March 9, 2012. (Def.'s Mot., ECF No. 24.) As explained more fully below, Defendant's Motion is
unopposed. The Court has carefully considered the Parties' submissions and decided the matter
without oral argument pursuant to Fed. R. Civ. P. 78. For good cause shown, Defendant's Motion
to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) is GRANTED.

## I.    Background

Plaintiff Christian Nunez-Torres, *pro se*, ("Plaintiff") filed a complaint ("Complaint") on
July 19, 2011. (Compl., ECF No. 1.) The State of New Jersey is the only defendant in this matter.
The sole cause of action alleged is a violation of Plaintiff's Cooperation Agreement under 42
U.S.C. § 1983. (*Id.*) Essentially, Plaintiff alleged that the placement of the immigration detainer

violated the terms of his Cooperation Agreement, thus he sought to have the detainer removed from his record before he was to be sentenced in September 2011.[1] (*Id.* 2-3.) (*Id.*)

Defendant's Motion was filed on March 9, 2012. Plaintiff has failed to file any response to the motion; Plaintiff has also failed to file any correspondence with the Court since his last letter dated February 28, 2012. This case was transferred from the Honorable Joel A. Pisano, U.S.D.J., on July 31, 2012. (ECF No. 25.) A copy of that order was mailed to Defendant's last known address but returned as undeliverable on August 9, 2012. (ECF No. 26.) On September 12, 2012, the Court issued an Order ("Sept. 12 Order") requiring Plaintiff to submit written opposition to Defendant's Motion by September 26, 2012, or the Court would consider Defendant's Motion unopposed. (ECF No. 27.) The Court mailed copies of the Sept. 12 Order to Plaintiff's address as listed in the Complaint as well as an updated address listed on the New Jersey Department of Corrections' ("DOC") Online Offender Search tool. The DOC website listed Plaintiff's incarceration location as South Woods State Prison ("SWSP"), in Bridgeton, New Jersey.

The copy of the Sept. 12 Order sent to Plaintiff's address listed in the Complaint was returned on September 24, 2012, as undeliverable. (ECF No. 28.) The copy of the Sept. 12 Order sent to Plaintiff's updated address at SWSP was delivered on September 14, 2012. (ECF No. 29.) No response to Defendant's Motion has been received by the Court. As such, Defendant's Motion is considered unopposed.

## II.  **Analysis**

Defendant moves to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Specifically, Defendant alleges that it is immune from suit pursuant to the Eleventh

---

[1] The status of Plaintiff's sentencing is unclear from the record before the Court. Two letters sent by Plaintiff, and received by the Court on February 21 and 28, 2012, both indicated that, as of February 2012, Plaintiff had yet to be sentenced. (ECF. No. 22; ECF No. 24.)

Amendment to the United States Constitution and the Court therefore lacks subject matter jurisdiction. Defendant further alleges that Plaintiff's claim, which is based upon 42 U.S.C.   § 1983, must be dismissed because § 1983 only applies to "persons" and not entities such as the State of New Jersey.

### Defendant is Immune from Suit Pursuant to the Eleventh Amendment

A suit barred by the Eleventh Amendment deprives a federal court of jurisdiction. *Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44, 54 (1996). As such, Defendant's Motion is subject to a Fed. R. Civ. P. 12(b)(1) analysis.

"A district court can grant a [Fed. R. Civ. P. 12(b)(1)] motion to dismiss for lack of subject matter jurisdiction based on the legal insufficiency of a claim." *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1408 (3d Cir. 1991). Dismissal is only proper, however, "when the claim 'clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or . . . is wholly insubstantial and frivolous.'" *Id.*  at 1408-09 (quoting *Bell v. Hood,* 327 U.S. 678, 682 (1946)); *see also Oneida Indian Nation of N.Y. State v. Oneida Cnty., N.Y.*, 414 U.S. 661, 666 (1974) (dismissal under Fed. R. Civ. P. 12(b)(1) appropriate where the claim raised was "so insubstantial, implausible, foreclosed by prior decisions of th[e Supreme Court], or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court . . . .").

Two types of analysis are available when considering a challenge to a court's subject matter jurisdiction: facial and factual challenges. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). Under a facial attack, "the court must consider the allegations of the complaint as true." *Id.* The facial attack determines, on a basis of legal sufficiency, whether a plaintiff's claim has triggered the subject matter jurisdiction of the court. Under a factual attack,

3

"no presumptive truthfulness attaches to plaintiff's allegations" and the "trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* Under both categories, the burden of establishing the jurisdiction of the court falls on the plaintiff. *Kehr*, 926 F.2d at 1409. Here, Defendant has lodged a facial attack on Plaintiff's Complaint, stating that the Complaint is legally insufficient because it is barred by the Eleventh Amendment.

The Eleventh Amendment states that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. In addition to barring cases brought in diversity against a state, the amendment has also been construed to deprive federal courts of jurisdiction for cases brought by a state's own citizens against that state. *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 669 (1999); *Seminole Tribe*, 517 U.S. at 54; *Blatchford v. Native Vill. of Noatak & Circle Vill.*, 501 U.S. 775, 779 (1991); *Hans v. La.,* 134 U.S. 1 (1890). As a general rule, therefore, a federal court lacks jurisdiction over a state unless one of three exceptions apply: (1) "Congress may authorize such a suit in the exercise of its power to enforce the Fourteenth Amendment;" (2) "a State may waive its sovereign immunity by consenting to suit;" and (3) a Plaintiff files suit against state officials in their individual capacities for "prospective injunctive and declaratory relief to end continuing or ongoing violations of federal law." *Fla. Prepaid*, 527 U.S. at 670; *MCI Telecomm. Corp. v. Bell Atl. Pa.*, 271 F.3d 491, 506 (3d Cir. 2001).

The first exception, which allows suit under a law passed pursuant to the Fourteenth Amendment, does not apply. The Supreme Court has held that "§ 1983 does not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States; nor does it have a history which focuses directly on the question of state liability and which shows that

4

Congress considered and firmly decided to abrogate the Eleventh Amendment immunity of the States." *Quern v. Jordan*, 440 U.S. 332, 345 (1979). As such, Plaintiff's claim does not fall within the ambit of the first exception of Eleventh Amendment immunity.

The second exception, consent to suit, similarly does not apply. New Jersey passed the New Jersey Tort Claims Act ("NJTCA"), N.J. Stat. Ann. § 59:1-1 to 59:12-3, effecting a limited waiver of sovereign immunity. The passage of the NJTCA, however, did not affect a waiver of New Jersey's Eleventh Amendment immunity. *Mierzwa v. United States*, 282 F. App'x 973, 976 (3d Cir. 2008) (citing *Ritchie v. Cahall*, 386 F. Supp. 1207, 1209 (D.N.J. 1974)). New Jersey, therefore, has not consented to suit.

Finally, the third exception, suits seeking injunctive relief against state officials in their individual capacities, doe not apply to this case because Plaintiff has failed to name any individual defendants.

Since no exception to Defendant's Eleventh Amendment immunity applies, Plaintiff's Complaint is dismissed.

### III.   Conclusion

For the reasons set forth above, and for other good cause shown, it is hereby ordered that the Defendant's Motion is GRANTED and Plaintiff's Complaint is dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(1).[2] An order consistent with this opinion will be entered.


_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Dated: November 26, 2012

---

[2] The Court has determined that it lacks subject matter jurisdiction over Plaintiff's claim. As such, the Court does not reach Defendant's motion filed pursuant to Fed. R. Civ. P. 12(b)(6).